The motion for rehearing is predicated largely upon the proposition that the evidence against appellant is circumstantial and that it does not produce a reasonable and moral certainty that appellant and no other person killed the deceased. This is the only proposition which will be considered. It will be recalled that the first report of the killing was made by appellant to her neighbors, the Edwardses, where she appeared about 4:00 o'clock in the morning and reported that deceased had shot himself. The facts revealed upon the disinterment and examination of deceased's body appear to establish without any doubt that the wound in deceased's head could not have been self-inflicted. No one was at the Fishbeck home save him, appellant and the 14-year-old son. Appellant's statement to the Edwardses excluded the son's guilt. She places him asleep in the adjoining room at the time of the shooting. The position of deceased's body on the floor between the beds, with his hands grasping the gun, in view of the character of the wound in the head, strongly suggests the arrangement of the body and gun after the wound was inflicted. Giving effect to appellant's statement that the son was asleep in the adjoining room at the time of the shooting leads to the conclusion that any adjustment of deceased's body and the gun was made by appellant and no other person.
Without going further into details, what we have said is sufficient to indicate our reasons for concluding that the motion for rehearing should be overruled, and it is so ordered.
BEAUCHAMP, Judge. I respectfully dissent. *Page 197